IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:23-CR-265-ALM-AGD |
| | § |
| MICHAEL EDGAR CONE | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on May 20, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Mr. Christopher Lewis. The Government was represented by Assistant United States Attorney Lesley Brooks.

On December 3, 2018, United States District Judge David O. Carter sentenced Defendant to forty-one (41) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 2 at 1. On February 12, 2021, Defendant began serving his term of supervised release. *See id.*

On December 12, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 2), alleging Defendant violated ten conditions of his supervised release. *Id.* at 1–5. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant must work at a lawful occupation unless excused by the Probation Officer for schooling, training, or other acceptable reasons and must notify the Probation Officer at least ten days before any change in employment or within seventy-two hours of an unanticipated change; (3) Defendant shall answer truthfully the inquiries of the Probation Officer, unless legitimately asserting his Fifth Amendment right against self-incrimination as to new criminal

1

conduct; (4) Defendant shall not engage, as whole or partial owner, employee, or otherwise, in any business involving loan programs, telemarketing activities, investment programs, or any other business involving the solicitation of funds or cold-calls to customers without the express approval of the Probation Officer prior to engaging in such employment; (5) Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification in any name, other than his true legal name, nor shall Defendant use any name other than his true legal name without the prior written approval of the Probation Officer; (6) Defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the Court or the Probation Officer; (7) Any fine/restitution amount that remains unpaid during supervised release shall be paid on a monthly basis at a rate of at least 10% of Defendant's gross income; (8) Defendant shall not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the Probation Officer; (9) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; and (10) Defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) On December 28, 2022, and August 23, 2023, Defendant violated 18 U.S.C. § 1001 by knowingly and willfully making a materially false, fictitious, or fraudulent statement or representation on his personal financial statement. No formal charges have been filed.

On December 28, 2022, Defendant completed a Personal Financial Statement and reported a personal monthly income of $1,800 from Peak Consulting LLC. He failed to report any income received from his partial ownership and management of 100 Leafs Cannabis Co., MRK Development, and HPH Investors LP. Defendant used these companies to purchase land and build a large marijuana grow facility located at 845 Industrial Dr., Allegan, MI 49010, as well as at least one retail dispensary located at 327 SW Capital Ave., Battle Creek, MI 49015.

2

On August 23, 2023, Defendant completed a Personal Financial Statement and reported an income of $1,800 from Peak Consulting LLC. When questioned about the low-income amount, he became visibly nervous and submitted a "corrected" packet which reported $2,800 in monthly income from Peak Consulting. As with the prior financial statement, he failed to report any income received from his partial ownership and management of 100 Leafs Cannabis Co., MRK Development, and HPH Investors LP.

Business records, social media posts, and city records obtained from the Central District of California Financial Litigation Unit establish a timeline indicating Defendant was engaged in the businesses noted above at the time he submitted both financial statements.

(2) Defendant failed to report his employment and interest in 100 Leafs LLC, MRK Development, and HPH Investors. He did not disclose any change of employment to include these businesses on his monthly report forms, personal financial statements, nor to the Probation Officer.

(3) Defendant failed to provide honest and accurate information when questioned about his employment. He reported his sole employment was Peak Consulting LLC, a company owned by his ex-girlfriend, Jessica Piikklia. However, the Probation Office has confirmed he is involved with multiple other companies including 100 Leafs LLC, MRK Development, and HPH Investors using the false name of Michael Riley.

(4) Defendant is involved in the ownership and solicitation of funds to invest in the 100 Leafs Cannabis Company, titled to HPH Investors LP, which has built a large grow facility containing two warehouse buildings located at 845 Industrial Blvd., Allegan, MI 49010. He is the primary operator of MRK Development LLC, which is listed under the name of his ex-girlfriend, Kristine Tibbetts, and registered to her Frisco, Texas address. HPH Investors LP is also registered to the same Frisco address.

The Probation Office received information indicating Defendant met Kristine Tibbetts during the month of March 2021. He told her his name was Michael Riley and convinced her to invest $700,000 in the cannabis operation. Ms. Tibbetts agreed and allowed the company to be listed in her name. An outgoing wire transfer request from her company, Express Development Inc., reflects the $700,000 transfer.

On January 16, 2023, Defendant sent an email as Michael Riley from email account michael7575751@gmail.com to a prospective investor regarding a potential marijuana dispensary in Lansing, MI. The email reads, "Dan, I really appreciate your time the other evening discussing the Lansing MI Dispensary. Here is our Projected Revenue. Just a note on the Monthly Revenue 1,500,000 I based that off a 50,000 a day sales. That is very very low. I believe that will actually do 100–150k a day in sales but I wanted to do (Worst Case Scenario). I prefer to Under Promise

and Over Deliver. If you have any questions feel free to reach out 469-790-1990. Have a great Afternoon. Thank you, Michael Riley 469-790-1990." The email contained an attachment with an Excel worksheet titled 100 Leafs 2023 containing projected monthly earnings, expenses, and profits.

(5) Defendant has been operating his businesses under the name Michael Riley. He did not obtain permission from the Probation Office to use any other name than his true legal name.

Defendant completed a City of Allegan, MI, Special Use Permit Application to construct a marijuana grow facility under the name Michael Riley.

On May 19, 2022, Defendant signed a contract for plumbing for the marijuana grow facility located at 845 Industrial Dr., Allegan, MI, as Michael Riley.

On July 31, 2023, Defendant DocuSigned a purchase agreement to purchase land for 100 Leafs located at 919 Marshall St., Allegan, MI 49010, as Michael Riley.

(6) Defendant requested permission to travel to Michigan, on multiple occasions during the term of supervised release, for Peak Consulting employment purposes. However, he was being untruthful with the Probation Officer and was in fact traveling to conduct business for 100 Leafs Cannabis Co.

On or about January 29, 2023, Defendant traveled to Detroit, MI, without permission, to meet with his 100 Leafs business partners and music artist Young Jeezy. Photographs and video posted to Facebook show Defendant and his business partners backstage at the Young Jeezy concert held at Little Caesar's Arena in Detroit, MI, on January 29, 2023.

(7) Defendant has failed to make restitution payments to the best of his ability as evidenced by his failure to report the income received from 100 Leafs, MRK Development, and HPH Investors. The profits and outside investments into these companies have been used to build a multi-million dollar grow facility and open a retail dispensary in Michigan. Defendant has made monthly payments ranging between $100–$300, with most of his payments being less than $200. An outstanding restitution balance of $2,471,724.90 remains.

(8) In a video posted to Facebook on March 14, 2023, under the Gotti LBE account, Defendant is observed in a room with multiple individuals who are smoking marijuana as evidenced by the discussion they are having. Additionally, they are all discussing the 100 Leafs products and company. One of the individuals in the room is Torrance Ivy Hatch, also known as Boosie Badazz, Boosie, and Lil Boosie, a rap artist who has been convicted of multiple felonies and is currently on pretrial bond in the Southern District of California for the offense of Felon in Possession of a Firearm and Ammunition under Docket No. 3:23-CR-01201.

(9) The U.S. Probation Office received a cell phone video showing Defendant carrying a short barrel AR-style rifle. The Probation Office has determined this video was taken while on supervision, as he is wearing a 100 Leafs sweatshirt, a company created during the term of supervised release.

(10) In the same Facebook video mentioned above, Defendant is observed drinking a Miller Lite beer. As such, he failed to abstain from using alcohol.

On May 20, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for May 20, 2024. Defendant entered a plea of true to allegations two through eight and ten, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 15. The Government moved to withdraw allegations one and nine, which the Court granted. *See* Minute Entry for May 20, 2024. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the May 20, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for twelve (12) months, to be served consecutively to any other term of imprisonment, with no term of supervised release to follow. The Court further recommends that Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 22nd day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE